**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| IN RE: ) | | |
| ) | CASE NO. | 19-51433 (JAM) |
| ELISA ALEXANDER, ) | | |
| Debtor. ) | CHAPTER | 7 |
| ) | | |
| ELISA ALEXANDER, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | ADV. PRO. NO. | 19-5033 (JAM) |
| UNITED STATES OF AMERICA, ) | | |
| INTERNAL REVENUE SERVICE, ) | | |
| Defendant. ) | RE: ECF NO. | 36 |

**APPEARANCES**

Ms. Elisa Alexander                                                                 *Self-Represented Plaintiff*

John H. Durham, United States Attorney                                  *Attorneys for the Defendant*
Lauren M. Nash, Assistant United States Attorney
157 Church Street
New Haven, CT 06510

**MEMORANDUM OF DECISION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.    BACKGROUND**

On December 15, 2019, Elisa Alexander, the debtor in the above-captioned Chapter 7

case, (the "Plaintiff"), commenced this adversary proceeding by filing a five-count complaint

(the "Complaint") against the United States of America, Internal Revenue Service (the "IRS").[1] The Complaint seeks a declaratory judgment that any and all taxes the Plaintiff owes to the IRS for the tax years 2011, 2012, 2013, 2014, and 2015 be declared discharged pursuant to 11 U.S.C. § 523(a)(1). Now before the Court is the IRS's Motion for Summary Judgment on Count Five of the Complaint (the "Motion for Summary Judgment," ECF No. 36). For the reasons that follow, the Motion for Summary Judgment is granted.

## II.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

## III.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56 directs that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an

---

[1] The Plaintiff was represented by counsel when her Chapter 7 case was filed and when this adversary proceeding was filed. In early 2020, Plaintiff's counsel unfortunately passed away. On May 13, 2020, the Court sent a Notice to the Plaintiff which informed the Plaintiff that, within 60 days, she should either (1) notify the Court in writing that she wishes to proceed on her own behalf in her Chapter 7 case and in this adversary proceeding without an attorney; or (2) obtain a substitute attorney and have that substitute attorney file an appearance in her pending case and adversary proceeding. *See* ECF No. 23. The Plaintiff has not responded to the Court's Notice, has not filed a *pro se* appearance, and substitute counsel has not appeared in either this adversary proceeding or the Chapter 7 case.

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "Upon consideration of a motion for summary judgment, 'the judge's function . . . is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Delaney*, 504 B.R. at 746 (quoting *Anderson*, 477 U.S. at 249). "[T]he court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Mex. Constr. & Paving v. Thompson (In re Thompson)*, 511 B.R. 20, 24 (Bankr. D. Conn. 2014) (quoting *Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999)).

At the summary judgment stage, the moving party must show there are no material issues of fact, and the court must consider all facts in the light most favorable to the non-moving party. *Conn. Ironworkers Emp'rs Ass'n v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98-99 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1547 (2018) (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456, (1992); *Gemmink v. Jay Peak Inc.*, 807 F.3d 46, 48 (2d Cir. 2015)). Once the moving party has met its burden, the "party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Official Comm. of Unsecured Creditors of Affinity Health Care Mgmt., Inc. v. Wellner (In re Affinity Health Care Mgmt., Inc.)*, 499 B.R. 246, 251 (Bankr. D. Conn. 2013) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).

### IV.  UNDISPUTED FACTS

Rule 56(a)(1) of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut[2] requires that a party moving for summary judgment file a Local

---

[2] Local Rule of Bankruptcy Procedure 7056-1 adopts the United States District Court for the District of Connecticut's Local Rule 56.

3

Rule 56(a)(1) Statement of Undisputed Material Facts. *See* D. Conn. L. R. 56(a)(1). Local Rule 56(a)(2) requires that a party opposing a motion for summary judgment file a Local Rule 52(a)(2) Statement of Facts in Opposition to Summary Judgment. *See* D. Conn. L. R. 56(a)(2). Each material fact set forth in a movant's Statement of Undisputed Material Facts and supported by the evidence "will be deemed to be admitted (solely for the purposes of the motion) unless such fact is controverted by the Local Rule 56(a)(2) Statement required to be filed and served by the opposing party in accordance with this Local Rule…" *See* D. Conn. L. R. 56(a); *see also Parris v. Delaney (In re Delaney)*, 504 B.R. 738, 746-747 (Bankr. D. Conn. 2014). Here, the IRS filed the Local Rule 56(a)(1) Statement of Undisputed Material Facts along with the Motion for Summary Judgment (the "IRS's Rule 56(a)(1) Statement"). The Plaintiff, however, has not responded to the Motion for Summary Judgment and has failed to file a Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment.[3] Therefore, the material facts set forth in the IRS's Rule 56(a)(1) Statement supported by the evidence are deemed admitted.

The Court finds the following undisputed facts in connection with the Motion for Summary Judgment:[4]

### A. Procedural Background

1. On October 31, 2019, the Plaintiff filed a voluntary Chapter 7 petition. *See* Case No. 19- 51433.

2. On December 7, 2019, the Chapter 7 trustee filed a report of no distribution in the Plaintiff's Chapter 7 case. *See* ECF No. 13 in Case No. 19-51433.

---

[3] On September 4, 2020, the IRS sent a Notice to Self-Represented Litigant which notified the Plaintiff that the IRS had filed the Motion for Summary Judgment. *See* ECF No. 37. To date, the Plaintiff has not responded to the IRS's Notice or to the Motion for Summary Judgment.
[4] All facts are taken from the IRS's Rule 56(a)(1) Statement and the exhibits attached to the Motion for Summary Judgment unless otherwise indicated.

3. On December 15, 2019, the Plaintiff commenced this adversary proceeding by filing the Complaint.

4. On February 6, 2020, the Court entered an Order of Discharge pursuant to 11 U.S.C. § 727 in the Debtor's Chapter 7 case (the "Order of Discharge"). *See* ECF No. 20 in Case No. 19-51433.

5. The IRS filed a Motion to Dismiss Counts One through Four of the Complaint on March 19, 2020.

6. The IRS filed the Motion for Summary Judgment with respect to Count Five of the Complaint on September 4, 2020.

7. The Court held a hearing on the Motion to Dismiss and on the Motion for Summary Judgment on October 6, 2020. At the close of the October 6th hearing, the Motion to Dismiss was granted and the Motion for Summary Judgment was taken under advisement.

### B. The Plaintiff's 2015 Tax Liability

8. In Count Five of the Complaint, the Plaintiff seeks a declaratory judgment that taxes due to the IRS in the amount of $8,391.43 for the 2015 tax year be declared discharged pursuant to 11 U.S.C. § 523(a)(1) because her 2015 tax return was filed more than three years before the date she filed her Chapter 7 petition.

9. For the tax year ending December 31, 2015, the Internal Revenue Code required that the Plaintiff file a tax return on or before April 15, 2016.

10. The Plaintiff obtained an extension of time to file her 2015 taxes until October 15, 2016. Since October 15, 2016 was a Saturday, the Plaintiff timely filed her 2015 return on Monday, October 17, 2016.

11. The IRS calculated the Plaintiff's tax liability and made an assessment against the Plaintiff for the 2015 tax year in the amount of $8,420.02, including penalties and interest.

12. On January 12, 2017, the IRS sent the Plaintiff a Notice of Intent to Levy with respect to the 2015 tax year and advised her of her right to a Collection Due Process hearing regarding the proposed levy.[5]

13. The Plaintiff underwent Collection Due Process with respect to her 2015 tax liability from February 10, 2017 to October 28, 2017.

## V. DISCUSSION

In Count Five of the Complaint, the Plaintiff alleges that her 2015 tax liability should be discharged because her 2015 tax return was filed more than three years before the date she filed her Chapter 7 petition and thus outside of the applicable three-year look-back period of 11 U.S.C. § 507(a)(8)(A)(i). In the Motion for Summary Judgment, the IRS asserts that the Plaintiff's 2015 tax obligation is not discharged because the 2015 tax obligation is a priority tax claim as a result of the tolling of the three-year look-back period while the Plaintiff was in Collection Due Process. After careful review of the record of this case and the relevant legal authority, and under the specific facts and circumstances present here, the Court concludes that

---

[5] A Collection Due Process hearing with the IRS Independent Office of Appeals, which will occur before a levy action is taken, gives the taxpayer an opportunity to discuss alternatives to forced collection and permits the taxpayer, in some circumstances, to dispute the amount owed. *See* https://www.irs.gov/appeals/collection-due-process-cdp-faqs. "The purpose of a collection due process hearing is to review the propriety of the proposed collection action." *Calpino v. Comm'r, Internal Revenue Serv.*, 819 F. App'x 860, 861 (11th Cir. 2020). Collection Due Process is a "pre-deprivation administrative scheme designed in part to ameliorate any harshness caused by allowing the IRS to levy on property without any provision for advance hearing or procedural due process." *Taramark Title Co. v. United States*, 402 F. Supp. 2d 323, 325 (D. Mass. 2005) (internal quotation marks omitted). It provides the taxpayer with "the right to notice, a fair hearing, and judicial review prior to levy by the government." *Id.* (citing 26 U.S.C. § 6330(a)-(d)).

there is no genuine issue of material fact with respect to Plaintiff's 2015 tax obligation. The Plaintiff's 2015 tax obligation is a priority tax claim and that claim is an exception to discharge under 11 U.S.C. § 507(a)(1)(A). Therefore, the IRS is entitled to summary judgment on Count Five of the Complaint.

Although the Plaintiff obtained the Order of Discharge in her Chapter 7 case, all of her debts are not necessarily discharged. *See In re Colish*, 289 B.R. 523, 532 (Bankr. E.D.N.Y. 2002) (noting that "[a] discharge in bankruptcy does not discharge debtor of all debts."). In particular, a discharge under section 727 does not discharge a debtor from any debt "for a tax … of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed." 11 U.S.C. § 523(a)(1)(A). Section 507(a)(8) sets forth priority claims, including allowed unsecured claims of governmental units, only to the extent that such claims are for--

> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition--
>> (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>> (ii) assessed within 240 days before the date of the filing of the petition, exclusive of--
>>> (I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
>>> (II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days; or
>
> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

11 U.S.C. § 507 (a)(8). Section 507(a)(8) goes on to provide as follows:

> An otherwise applicable time period specified in this paragraph shall be suspended for any period during which a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed

>against the debtor, plus 90 days; plus any time during which the stay of proceedings was in effect in a prior case under this title or during which collection was precluded by the existence of 1 or more confirmed plans under this title, plus 90 days.

*Id.*

Thus, section 523(a)(1)(A) excepts from discharge all priority tax claims set out in section 507(a)(8). *See In re Carlin*, 318 B.R. 556, 561 (Bankr. D. Kan. 2004), *aff'd,* 328 B.R. 221 (B.A.P. 10th Cir. 2005); *In re Abir*, No. 08-70566-478, 2010 WL 421124, at *2 (Bankr. E.D.N.Y. Feb. 1, 2010). Section 507(a)(8)(A)(i) has a three-year look-back period for tax claims for which a tax return is last due.

The relevant dates the Court must consider here are the tax return due date of October 16, 2016 and the petition date of October 31, 2019. However, the Court must also consider the Collection Due Process period. From February 10, 2017 to October 28, 2017, the Plaintiff underwent Collection Due Process with respect to her 2015 tax liability. Section 507(a)(8)(A)'s "three-year lookback period is a limitations period subject to traditional principles of equitable tolling." *Young v. United States*, 535 U.S. 43, 47, 122 S. Ct. 1036, 1039, 152 L. Ed. 2d 79 (2002). Section 507(a)(8) provides that an otherwise applicable time period "shall be suspended for any period during which a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing…" "The 'non-bankruptcy law' referenced in § 507(a)(8) can be found in § 6330 of the Internal Revenue Code, 26 U.S.C. § 6330, and Internal Revenue Regulation 301.6330-1, 26 C.F.R. § 301-6330-1 … [which] prohibit a levy to collect a tax if a taxpayer has requested a [Collection Due Process hearing]." *Tenholder v. United States*, No. 17-CV-1310-DRH, 2018 WL 4403819, at *3, 6 (S.D. Ill. Sept. 17, 2018). Because a Collection Due Process hearing request "prohibits the IRS from collecting tax by levy from the time the request is filed until appeals from the hearing are

resolved" under 26 U.S.C. § 6330(e), it is "therefore a tolling event under 11 U.S.C. § 507(a)(8)." *Console v. Comm'r*, 291 F. App'x 234, 238 (11th Cir. 2008).

At first glance, the Plaintiff's 2015 tax return date of October 16, 2016 falls outside of the three-year look-back period; given the October 31, 2019 petition date, three years prior would be October 31, 2016. However, the time period the Plaintiff was in Collection Due Process must be extracted from the three years pursuant to section 507(a)(8). The Plaintiff was in Collection Due Process from February 10, 2017 to October 28, 2017. Accordingly, the three-year look-back period did not run consecutively from October 31, 2016 to October 31, 2019, but rather was tolled by the Collection Due Process.

There are 1095 days in the three-year period. The number of days from October 31, 2019 (the petition date) to October 28, 2017 (the end of the Collection Due Process period) is 733 days. 362 days remain of the three-year look-back period (1,095 days minus 733 days equals 362 days). The remaining 362 days, by virtue of the Collection Due Process tolling period, is counted back from February 10, 2017 (the start of the Collection Due Process period), which results in February 14, 2016 as being the end of the three-year look-back period. The Plaintiff's tax return due date of October 16, 2016, therefore, fell within the three-year look-back period, making her 2015 tax liability a priority claim under section 507(a)(8)(A)(i) that is an exception to discharge under section 523(a)(1)(A).

Accordingly, the IRS is entitled to summary judgment on Count Five of the Complaint. *See Console*, 291 F. App'x at 237-38 (affirming the Tax Court's order granting summary judgment to the IRS as to the non-dischargeability of a tax liability by applying section 507(a)(8) to toll the three-year look-back period during Collection Due Process); *Tenholder*, 2018 WL 4403819, at *5 (affirming the Bankruptcy Court's order granting summary judgment to the IRS

as to the non-dischargeability of a tax liability, concluding that the IRS's inability to collect the tax by levy during the pendency of Collection Due Process was sufficient to toll the three-year look-back period of section 507(a)(8)).

## VI.  CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED:** The Motion for Summary Judgment as to Court Five of the Complaint is GRANTED; and it is further

**ORDERED:** A separate judgment will enter confirming that the Order of Discharge, ECF No. 20, does not apply to the Plaintiff's 2015 tax obligation because that tax obligation is an exception to discharge pursuant to 11 U.S.C. § 523(a)(1)(A); and it is further

**ORDERED:** The Clerk's Office shall serve a copy of this Memorandum of Decision and Order on the Plaintiff/Debtor by 5:00 p.m. on November 20, 2020 at the address listed on the petition.

Dated at Bridgeport, Connecticut this 20th day of November, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut